## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ODS Capital LLC,

        Plaintiff,

   v.

AbbVie Inc.,                          Case No. 1:17-cv-05909

        Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant AbbVie Inc. ("AbbVie"), pursuant to 28 U.S.C. § 1441, hereby removes this matter, styled *ODS Capital LLC. v. AbbVie Inc.*, No. 2017 CH 08448, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. A copy of the Complaint is attached to this Notice as Exhibit 1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 78aa(a).

In support of this Notice of Removal, AbbVie states as follows:

**I.    The Parties**

1.    AbbVie is a Delaware corporation with its principal place of business in Lake County, Illinois. In 2014, AbbVie entered into an agreement to combine with Shire plc, an Irish pharmaceutical company incorporated in the Bailiwick of Jersey.

2.    Plaintiff ODS Capital LLC is a hedge fund that alleges it invested in Shire after AbbVie announced it was seeking to acquire Shire.

## II.       The Dispute

3.       On July 18, 2014, AbbVie and Shire announced a "cooperation agreement" by which they would combine the two companies. Under the cooperation agreement, AbbVie and Shire would each become indirect wholly-owned subsidiaries of "New AbbVie," which would be incorporated in Jersey in a so-called "inversion" transaction.

4.       Before the transaction closed, however, the U.S. Treasury Department announced regulatory changes that, among other things, eliminated certain of the financial benefits of the transaction. Most notably, the regulatory changes restricted AbbVie's ability to access current and future global cash flows in a tax efficient manner, as originally contemplated in the transaction. AbbVie's board thereafter withdrew its recommendation regarding the proposed transaction, and AbbVie and Shire mutually agreed to terminate the cooperation agreement.

5.       Plaintiff alleges that it suffered damages when Shire's stock price fell after AbbVie announced the termination of the cooperation agreement. Plaintiff brings three counts against AbbVie for fraudulent misrepresentation and fraudulent concealment.

## III.      Grounds for Removal

6.       Plaintiff's fraudulent concealment claim, though couched as a state law claim, is founded on the substantial, disputed issue of whether and to what extent AbbVie owes Shire shareholders a duty under federal securities laws.

7.       The Supreme Court has recognized that a purported state law claim will "arise under" federal law, and thus support federal jurisdiction, where a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005). That is the case here.

8.     Plaintiff's Complaint is virtually identical to a prior-filed complaint, *Elliott Associates L.P. et al. v. AbbVie Inc.* (attached as Exhibit 2), brought by another group of hedge fund investors in Shire. In fact, with the exception of differences in the alleged amount of Shire securities purchased, Plaintiff's claim for fraudulent concealment (Count II) is an exact copy of the fraudulent concealment claim contained in the *Elliott* complaint. (*Compare* Ex. 1, Compl. ¶¶ 84-90, *with* Ex. 2, Compl., *Elliott Associates v. AbbVie*, ¶¶ 78-84.)

9.     During the course of the *Elliott* proceedings, it was revealed that resolution of the *Elliott* plaintiffs' fraudulent concealment claim required the court to first determine whether and what duties were owed by AbbVie under the federal securities laws. AbbVie removed that complaint pursuant to 28 U.S.C. § 1446(c) as soon as the facts giving rise to removal were ascertained.

10.     Because the present Complaint parrots the very same allegations that raised a substantial federal question in *Elliott*, removal of this case is appropriate at the outset of the litigation.

**A.     Proceedings in the *Elliott* litigation established that, despite artful pleading, the claims were premised on federal securities laws.**

11.     On June 24, 2015, a group of hedge fund investors in Shire filed suit against AbbVie in the Circuit Court of Cook County, asserting, among other things, that AbbVie fraudulently concealed that "it had not conducted an evaluation as to whether it would close the Shire transaction in the event government action eliminated or reduced the tax-inversion benefits of the deal." (*See* Ex. 2, Compl., *Elliott Associates v. AbbVie*, ¶ 79.) Like the copycat claims asserted here, the *Elliott* complaint did not identify the source of AbbVie's alleged duty to disclose.

12. AbbVie moved to dismiss the *Elliott* complaint on September 22, 2016. In opposition to AbbVie's motion, the plaintiffs in *Elliott* claimed AbbVie had "statutory and regulatory obligations" under the federal securities laws "to ensure its statements were truthful and not misleading by omission," which obligations "imposed on AbbVie a duty to disclose material facts concealed by its misrepresentations." (*See* Ex. 3, Plts. Resp. to Mot. to Dismiss, *Elliott Associates v. AbbVie*, at 15.)

13. The circuit court denied AbbVie's motion to dismiss on January 6, 2017. In so doing, the circuit court rested its analysis on plaintiffs' argument that AbbVie had a duty to disclose under the federal securities laws. (*See* Ex. 4, Order on Mot. to Dismiss, *Elliott Associates v. AbbVie*, at 4.) After confirming through discovery requests that the plaintiffs in *Elliott* had no independent state law duty to disclose on which they could rest their fraudulent concealment claim, AbbVie promptly removed the matter. The removal petition is pending before Judge Dow. (*See* Electronic Docket, Case No. 1:17-cv-03494.)

**B.** **The *ODS* copycat complaint raises the same federal issues as *Elliott*, requiring removal.**

14. AbbVie received the *ODS* Complaint after the removal and remand motions were fully briefed in the *Elliott* matter. The *ODS* Complaint largely parrots verbatim the allegations of the *Elliott* complaint, including the fraudulent concealment count that formed the basis for removal in *Elliott*. Indeed, just like the *Elliott* plaintiffs, Plaintiff alleges that AbbVie fraudulently concealed that "it had not conducted an evaluation as to whether it would close the Shire transaction in the event government action eliminated or reduced the tax-inversion benefits of the deal." (*Compare* Ex. 1, Compl. ¶ 85 *with* Ex. 2, Compl., *Elliott Associates v. AbbVie*, ¶ 79.)

15.     Because the *ODS* Complaint duplicates the allegations in *Elliott*, the *ODS* allegations cannot be assessed in a vacuum. Motion practice and discovery revealed that the allegations in *Elliott* required an analysis of obligations imposed by federal law, specifically, § 10(b) of the federal Securities Exchange Act of 1934 and regulations promulgated thereunder. That conclusion can be reached here at the outset given the identical allegations that Plaintiff uses to prop up its copycat Complaint. *Cf. Craft v. Philip Morris Cos., Inc.*, No. 4:05-CV-01531 ERW, 2006 WL 744415, at *5 (E.D. Mo. Mar. 17, 2006) (recognizing that removal is ascertainable when the theory and supporting facts are revealed in other cases involving the same facts and same defendant).

16.     Specifically, Count II of the *ODS* Complaint, like Count II of the *Elliott* complaint, purports to state a claim under Illinois common law for fraudulent concealment on the ground that AbbVie failed to disclose certain material information about the proposed Shire transaction. (Ex. 1, Compl. ¶¶ 84-90.)

17.     One essential element of a claim for fraudulent concealment under Illinois law is that the defendant owed the plaintiff a duty to disclose the allegedly concealed material fact. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996).

18.     With full knowledge of the grounds for removal in *Elliott*, Plaintiff carefully avoided alleging the source of AbbVie's duty to disclose in Count II. (*See* Ex. 1, Compl. ¶¶ 84-90.)

19.     Plaintiff cannot defeat AbbVie's right to remove by omitting from its Complaint the already-exposed substantial federal question. The Seventh Circuit has made it clear in the context of cases arising under the federal securities laws that "[i]f [the] [C]ourt concludes that the plaintiff has 'artfully pleaded' claims … it may uphold removal even though no federal

question appears on the face of the plaintiff's complaint." *Citadel Sec., LLC v. Chicago Bd.
Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (affirming district court's denial of motion
to remand because plaintiffs' allegations that defendant violated an Exchange Act duty invoked
federal jurisdiction).

20.     Here, Plaintiff filed a copycat Complaint after (i) motion practice and discovery
revealed that the fraudulent concealment claim raised in *Elliott* required resolution of a
substantial federal issue, and consequently, (ii) that complaint was removed to federal court. The
circumstances surrounding Plaintiff's filing make clear that Plaintiff's copycat fraudulent
concealment claim requires the trial court to resolve the substantial federal questions of whether
AbbVie had and breached a duty to Shire shareholders under the federal securities laws and/or
regulations. The first element of *Grable* is easily satisfied.

21.     The remaining elements of *Grable* are also met. The parties obviously dispute
whether AbbVie violated any disclosure duty under the federal securities laws. Thus, the federal
issue is "actually disputed."

22.     This case also implicates the federal government's "substantial" interest in
creating a uniform set of rules that govern registrants under the Securities Exchange Act.
Although federal courts are not bound by state court decisions applying the Securities Exchange
Act, *cf. Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013), those decisions will nonetheless affect
registrants under the Act, who might have liability in state court based on state courts'
interpretation of federal law. Allowing federal securities law to be imported wholesale into the
state courts through state law claims predicated on obligations created by federal law would
permit state courts to interpret registrants' duties under the federal securities laws. Companies
would thus be forced to adjust their behavior based on the law in fifty different states, which

could conflict both with one another and with the law of the federal courts bestowed by Congress with exclusive jurisdiction over the Exchange Act. The resulting conflict would have an impact beyond "the particular parties in the immediate suit," *id.*, because registrants could no longer look exclusively at the Act and the federal courts' implementation of it, as Congress intended.

23.     For this reason, exercising federal jurisdiction would not disrupt the federal-state balance. In addition, federal courts are accustomed to exercising diversity or supplemental jurisdiction over fraud claims under state law, while § 27 of the Securities Exchange Act forbids state courts from hearing cases "brought to enforce any liability or duty created by [the Securities Exchange Act] or the rules or regulations thereunder." 15 U.S.C. § 78aa(a).

24.     Under these circumstances, federal courts have jurisdiction. As the Supreme Court explained just last term, jurisdiction under *Grable* "typically fits cases … in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016). That is the case here.

25.     This Court also has jurisdiction over Counts I and III of the Complaint under 28 U.S.C. § 1367.

**IV.     Timeliness**

26.     AbbVie's request is timely. See 28 U.S.C. § 1446(b)(1). AbbVie received a copy of the Complaint through its registered agent on July 17, 2017, and filed its Notice of Removal within 30 days after receipt.

Dated: August 14, 2017                     Respectfully submitted,


                                           /s/*Daniel E. Reidy*
                                           Daniel E. Reidy
                                           Michael P. Conway
                                           Heather M. O'Shea
                                           Elizabeth J. Marino
                                           JONES DAY
                                           77 West Wacker Drive
                                           Chicago, IL 60601
                                           Telephone:     +1.312.782.3939
                                           Facsimile:     +1.312.782.8585

                                           *Counsel for AbbVie Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, I filed the foregoing document using the CM/ECF system, and I electronically transmitted the foregoing document via electronic mail and U.S. mail, postage prepaid, to the following recipients:

Patrick V. Dahlstrom
Louis C. Ludwig
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Email: pdahlstrom@pomlaw.com
   lcludwig@pomlaw.com

Brian P. Murray
GLANCY PRONGAY & MURRAY LLP
The Helmsley Building
230 Park Avenue, Suite 530
New York, NY 10169
Tel: (212) 682-5340
Email: bmurray@glancylaw.com

Dated: August 14, 2017        Respectfully submitted,


            /s/ *Daniel E. Reidy*
            Daniel E. Reidy
            Attorney for Defendant AbbVie Inc.